UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES W. EHRMAN, Receiver, | ) | Case No.: 1:17 CV 230 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| ARMAND T. GUERRINI, III, *et al.*, | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending in the above-captioned case is Defendants Armand T. Guerrini, III ("Defendant Guerrini" or "Mr. Guerrini"), A.D.Z. Mgmt. Agency Inc. ("ADZ"), and Ohio Furn, LLC's ("Ohio Furn") (collectively, the "Guerrini Defendants") Motion to Revise and Set Aside Default Judgments ("Motion") (ECF No. 30). For the following reasons, the court grants the Motion.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff James W. Ehrman ("Plaintiff" or "Receiver"), is the appointed receiver for the assets of the defendants in *United States Securities and Exchange Commission v. Thomas Abdallah, et al.*, Case No. 14-CV-1155 (N.D. Ohio 2014) (the "SEC Case"). The SEC Case centered on a Ponzi scheme, led by Thomas Abdallah and Kenneth Grant, using the fraudulent business KGTA to scam investors. Criminal Informations were filed against several of the defendants in the SEC Case, all of whom pleaded guilty.

The Receiver filed a Complaint (ECF No. 1) against the Guerrini Defendants and Defendant Eleanor Klemm on February 2, 2017, seeking avoidance of fraudulent transfer, judgment for the value of avoided transfers, and judgment imposing a constructive trust, all under Ohio law. Defendant Guerrini is alleged to have formed ADZ and to own Ohio Furn. In the Complaint, the Receiver alleges that the assets of the defendants in the SEC Case will be insufficient to reimburse the people who thought they were investing in KGTA and lost money. Thus, he is pursuing recovery from the KGTA investors who received profits from KGTA to the detriment of other defrauded customers, as well as people who received transfers from KGTA but did not give value for those transfers. The Receiver alleges that KGTA transferred more funds to the Guerrini Defendants than it received from them.

The original Summons (ECF No. 2) listed the Guerrini Defendants' address as "1226 Lander Road, Cleveland, OH 44124" (the "Lander Address"). On May 14, 2017, the Receiver filed three Returns of Service (ECF Nos. 4–6), indicating that the hired process server, Roman Holyk, personally served Mr. Guerrini with the Summons for all of the Guerrini Defendants at the Lander Address on February 28, 2017, at 6:30 p.m. However, the Guerrini Defendants indicate that they never received such service and did not learn of the lawsuit until August 16, 2017. (Mot., Dec. of Mr. Guerrini, ECF No. 30-2.)

The Guerrini Defendants did not answer the Summons, and the Receiver filed Applications to the Clerk for Entries of Default (ECF Nos. 9, 11–12) against the Guerrini Defendants on August 3, 2017. On August 4, 2017, the Clerk entered defaults against the Guerrini Defendants. (ECF Nos. 13–15.) On August 10, 2017, the Receiver moved for default judgments against the Guerrini Defendants. (Mots. for Default J., ECF Nos. 18, 20–21.) On

August 21, 2017, the court entered default judgments against the Guerrini Defendants. (Orders of Aug. 21, 2017, ECF Nos. 25–27.) Default judgments were entered against Ohio Furn jointly and severally in the amount of $792,500.03, against ADZ in the amount of $220,000, and against Mr. Guerrini jointly and severally in the amount of $792,500.03. (*Id*.)

Shortly after the entry of the default judgments, on August 29, 2017, David Phillips entered an Attorney Appearance (ECF No. 29) on behalf of the Guerrini Defendants. On August 31, 2017, the Guerrini Defendants filed the present Motion to Revise and Set Aside Default Judgments. On September 14, 2017, the Receiver filed his Response (ECF No. 32), to which the Guerrini Defendants filed a Reply (ECF No. 33) on September 22, 2017. The court entered an Order on June 18, 2018 (ECF No. 34), deferring ruling on the Motion and scheduling an evidentiary hearing for July 12, 2018, at 11:00 a.m.[1]

At the evidentiary hearing, Mr. Guerrini testified that he does not reside at the Lander Address, was not at the Lander Address on February 28, 2017, and that he did not have knowledge of the Complaint until August 2017. Mr. Guerrini also testified that he resides in Willoughby, Ohio. However, Mr. Guerrini acknowledged several facts which would support the conclusion that he resides at the Lander Address, including his address of voter registration, vehicle registration, driver's license, and receipt of some mail at the time of the alleged service. Mr. Guerrini also admitted that he was listed as the statutory agent for ADZ and Ohio Furn at the Lander Address at the time of the purported service. David Ayres testified that he is Mr. Guerrini's tenant at the Lander Address and that Mr. Guerrini did not live at the Lander

---

[1] The Order of June 18, 2018 discusses the parties' arguments with respect to this Motion in detail. Thus, they are not repeated here.

-3-

Address on the day in question. Mr. Ayres testified that, on February 28, 2017, an individual resembling Mr. Holyk knocked on the door of the Lander Address and asked whether Mr. Guerrini was present. Mr. Ayres testified that he told Mr. Holyk that Mr. Guerrini was not present, that Mr. Guerrini did not live there, and that he was not Mr. Guerrini. Further, Mr. Ayres testified that he could not remember whether Mr. Holyk left service papers with him, but that he did not recall giving any such papers to Mr. Guerrini.

On the other hand, Mr. Holyk admitted at the evidentiary hearing that the individual who answered the door at the Lander Address indicated that he was not Mr. Guerrini. Nonetheless, Mr. Holyk believed that the man who answered the door was Mr. Guerrini and threw the summons and complaints at the man's feet inside of the residence.

Pursuant to the court's approval, the Receiver submitted his Closing Statement (ECF No. 43) on July 17, 2018. On the same day, the Guerrini Defendants submitted their Summary of Evidence and Argument (ECF No. 42).

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure provide that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). In its Order of June 16, 2018, the court determined that Rule 55(c) applies to the present Motion. (Order of June 16, 2018, 6.) A "district court enjoys considerable latitude under the 'good cause shown' standard of Rule 55(c) to grant a defendant relief from a default entry." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). The Sixth Circuit has established three factors that are relevant to the determination of whether good cause exist pursuant to Rule 55(c): "(1) whether the entry of default was the result of willful

or culpable conduct; (2) whether a set-aside would prejudice the plaintiff; and (3) whether the defenses raised following the entry of default are meritorious." *Krowtoh II LLC v. ExCelsius Int'l Ltd*, 330 F. App'x 530, 534 (6th Cir. 2009) (internal quotation marks omitted). However, "although 'all three factors must be considered in ruling on a motion to set aside an entry of default,' when a defendant has a meritorious defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.'" *Id*. at 535 (citing *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)).

Furthermore, as a matter of due process, there must be "proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc.*, 340 F.3d at 353 (citing *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976)). Thus, "if service of process was not proper, the court must set aside an entry of default." *O.J. Distrib., Inc.*, 340 F.3d at 355 (citations omitted). As explained in *O.J. Distributing*, a court need not weigh the three Rule 55(c) factors if it finds that service of process has not been properly effected. *Id*. at 355.

Federal Rule of Civil Procedure 4(e) enumerates the requirements for valid service of process of an individual in the United States, stating, in part:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
> (1) following the state law for serving a summons in an action. . . in the state where the district court is located or where [the party will be served] . . .; or
> (2) doing any of the following: . . .
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of [the summons and complaint]
>     . . . at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there . . . .

The pertinent language of the Ohio rules for serving an individual is similar to that of the federal rules. *See* Ohio Civ. R. 4.

Federal Rule of Civil Procedure 4(h) provides the requirements for valid service of process of a corporation in the United States, stating, in part:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served:
> [(1)] (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> [(1)] (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant . . . .

Service on a corporation or a limited liability company in Ohio can be perfected by:

> serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation [or limited liability company] at any of its usual places of business by a method authorized under Civ.R.4.1(A)(1)[2]; or by serving an officer or a managing or general agent of the corporation [or limited liability company].

Ohio Civ. R. 4.2 (F)–(G).

### III. LAW AND ANALYSIS

### A. Service of Process

The court, having heard all testimony and considered all pertinent evidence, finds that service was not properly effected upon the Guerrini Defendants. The plaintiff bears the burden

---

[2] Ohio Civil Rule 4.1(A)(1), in pertinent part, authorizes service by United States certified or express mail evidenced by a signed return receipt, as well as by commercial carrier service utilizing any form of delivery requiring a signed receipt.

of perfecting service and showing that service has been perfected. *Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citation omitted).

With respect to Mr. Guerrini, Plaintiff has not satisfied his burden of demonstrating that Mr. Guerrini was personally served pursuant to Federal Rule of Civil Procedure 4(e)(2)(A) or Ohio Civil Rule 4.2. The evidence on the record is not sufficient to conclude that Mr. Guerrini was personally served. Mr. Ayres, who resembles Mr. Guerrini, testified that he answered the door when the process server arrived on the day of purported service and that he told the process server that he was not Mr. Guerrini. The process server admitted that the individual he attempted to serve told him that he was not Mr. Guerrini. Additionally, although the facts present a close call, Plaintiff has not satisfied his burden of demonstrating that Mr. Guerrini was properly served at his usual place of abode pursuant to Federal Rule of Civil Procedure 4(e)(2)(B). The record establishes that, for the purposes of this case, Mr. Guerrini's usual place of abode is in Willoughby, Ohio, not the Lander Address.

With respect to ADZ and Ohio Furn, Plaintiff has not satisfied his burden of showing that these entities were properly served, pursuant to any of the means of service authorized by Ohio Civil Rules 4.2(F)–(G) or Federal Rule of Civil Procedure 4(h). First, as discussed above, Plaintiff has not established that the statutory agent for ADZ and Ohio Furn, Mr. Guerrini, was served. Second, Plaintiff has not presented any evidence to indicate that ADZ and Ohio Furn were served at one of their usual places of business through United States certified mail, nor through a commercial carrier service requiring a signed receipt. Third, Plaintiff has not demonstrated service upon an officer, manager, or member of the entities, as it has not been demonstrated that Mr. Guerrini was served.

Having determined that Plaintiff has not established that service was properly effected, the court finds that Plaintiff shall have thirty days from the date of this Order to perfect service upon the Guerrini Defendants.

**B. Good Cause**

The court also finds, in the alternative, that the Guerrini Defendants have demonstrated good cause under Federal Rule of Civil Procedure 55(c) for relief from default judgment. Considering the first factor relevant to Rule 55(c), the court finds that Plaintiff has not demonstrated prejudice. Indeed, Plaintiff has not argued that he will be prejudiced by the granting of this Motion. Furthermore, the Guerrini Defendants filed the Motion only ten days after the default judgments were entered, and "[d]elay alone is not a sufficient [basis] for determining prejudice." *Kaufman Payton & Chapa, P.C. v. Bilanzich*, No. 11-15563, 2013 WL 1278192, at *2 (E.D. Mich. Mar. 27, 2013) (citing *INYST Fin. Group, Inc. v. ChemNuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir.1987)).

The court also finds that the Guerrini Defendants were not culpable for the default. The Sixth Circuit explains that "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims*, 796 F.2d at 194. Furthermore, "[w]here a defendant files an entry of appearance and an answer shortly after learning that default had been entered, the delay is not lengthy and there is no pattern of disregard for court orders or rules." *Kaufman Payton*, No. 11-15563, 2013 WL 1278192, at *2 (citing *Shepard Claims*, 796 F.2d at 194)). As determined above, the Plaintiff has not demonstrated that the Guerrini Defendants were properly served. Furthermore, the evidence indicates that Mr. Guerrini was

not aware of the present lawsuit until August 2017. Upon learning of the default judgments, the Guerrini Defendants promptly filed an entry of appearance, as well as the present Motion. Thus, the Guerrini Defendants have not displayed an intent to thwart judicial proceedings, nor a reckless disregard for the effect of its conduct on these proceedings.

Third, the court must consider whether the defendant has a meritorious defense. With respect to this factor, the court considers whether the defense is "'good at law,' but need not determine the likelihood of success." *United States v. West*, No. 09-10662-BC, 2009 WL 1654573, at *2 (E.D. Mich. June 11, 2009) (quoting *Shepard Claims*, 796 F.2d at 192–93). As in *Almon v. Caplan*, the Guerrini Defendants have not addressed Plaintiff's claims on the merits. No. 2:07-10219, 2008 WL 3010619, at *5 (E.D. Mich. Aug. 4, 2008) (granting motion to set aside default where the other two Rule 55(c) factors, besides meritorious defense, weighed in the defendant's favor). As such, it is unclear whether the Guerrini Defendants have a meritorious defense.

Finally, the court notes the "strong preference for trials on the merits in federal courts . . .", *Shepard Claims*, 796 F.2d at 193 (6th Cir. 1986), and the "'somewhat more lenient standard [] applied to Rule 55(c) motions'", *Krowtoh II LLC*, 330 F. App'x at 535 (quoting *Shepard Claims*, 796 F.2d 193 (6th Cir.1986)). Upon "weighing the three factors set forth above", *Almon*, No. 2:07-10219, 2008 WL 3010619, at *5, the court finds that the default judgments should be set aside pursuant to Rule 55(c) for good cause shown.

## IV. CONCLUSION

For the foregoing reasons, the court grants Defendant's Motion to Revise and Set Aside Default Judgments (ECF No. 30). The Orders of Default Judgment (ECF Nos. 25, 26, 27)

entered against Defendants Armand T. Guerrini, III, A.D.Z. Mgmt. Agency Inc., and Ohio Furn, LLC's are hereby set aside. Plaintiff shall have thirty days from the date of this Order to perfect service upon the Guerrini Defendants.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

August 6, 2018